IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     CRIM NO. 19-88 |
| NATHAN STEWART WEYERMAN | : |

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CHILD SEXUAL ASSAULT PURSUANT TO FED. R. EVID. 414, OR IN THE ALTERNATIVE PURSUANT TO FED. R. EVID. 404(B)**

The United States of America, by and through William M. McSwain, United States Attorney, Eastern District of Pennsylvania, and Seth M. Schlessinger, Assistant United States Attorney for the district, hereby files this motion in limine for admission at trial of evidence of the defendant's prior sexual assault of a child, pursuant to Fed. R. Evid. 414, or in the alternative pursuant to Fed. R. Evid. 404(b), and states as follows:

### I.     FACTS UNDERLYING INDICTMENT

Following an online investigation, agents of the Federal Bureau of Investigation executed a federal search warrant on September 20, 2018 at 1625 Dyre Street, Apartment D, Philadelphia, Pennsylvania 19124, the residence of defendant Nathan Stewart Weyerman.[1] The search of the defendant's residence yielded substantial evidence of the defendant's receipt and possession of child pornography. The defendant was present alone in his residence at the time of its initial execution. On the floor in the defendant's bedroom, underneath his bed, agents located a Hewlett Packard desktop computer, connected to which was an external Seagate hard drive. An Acer laptop computer was also found, located on the floor near the desktop computer. A PNY thumb

---

[1] A second search warrant was simultaneously executed at the defendant's girlfriend's residence, 5924 Tackawanna Street, Philadelphia, Pennsylvania 19135.

drive was found in a gray bin in the defendant's bedroom.  These devices were forensically analyzed pursuant to the search warrant and subsequently found to collectively contain 493 images and 23 videos of child pornography,[2] including images and videos depicting adult males engaged in sexual intercourse with prepubescent minors.  These images included three images shown by metadata to have been downloaded on July 9, 2017.

The defendant was arrested on the day of the execution of the search warrant for violating the terms of probation imposed in connection with a prior sex offense conviction (the evidence of which is the subject of this motion).  The defendant remained in state custody until his indictment by a federal grand jury on February 7, 2019, and his transfer to federal custody.  This federal indictment charges the defendant with: 1) receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and 2) possession of child pornography, including visual depictions of prepubescent minors and minors under the age of 12, in violation of 18 U.S.C. § 2252(a)(4)(B).

## II.     MOTION TO ADMIT EVIDENCE OF PRIOR CHILD SEX ASSAULT

As noted above, the defendant had, prior to the dates of the offenses charged in the indictment, been convicted of a sexual assault against a child.  In particular, the defendant had previously been convicted in Montgomery County in 2005 of rape of a child, in violation of 18 Pa. Stat. Ann. § 3121(c); involuntary deviate sexual intercourse with a minor less than 13 years of age, in violation of 18 Pa. Stat. Ann. § 3123(a)(6); and corruption of minors, in violation of 18 Pa. Stat. Ann. § 6301(a), arising out of his long-term sexual molestation of his stepdaughter, resulting in

---

[2] This amounts to 2,218 images of child pornography for purposes of the Sentencing Guidelines.  See U.S.S.G. § 2G2.2 cmt. n. 6(B)(ii) (providing that each video or video clip shall be considered the equivalent of 75 images).

the defendant's imprisonment for nearly ten years.[3]  See Case No. CP-46-CR-2027-2004 (Montgomery County Ct. of Common Pleas).

### A. Rule 414

The evidence of that offense, including both the defendant's conviction for the offense and the underlying evidence of the defendant's guilt that resulted in the conviction, is admissible in the instant case pursuant to Fed. R. Evid. 414. Rule 414(a) provides: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant."[4] Rule 414(d)(2) defines "child molestation" to include "any conduct prohibited by 18 U.S.C. chapter 110."

It is clear that both the instant case and the defendant's prior offense constitute "child molestation" as defined by the Rule. As noted above, the defendant is charged in the instant case with violations of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B), both of which sections are contained within Chapter 110 of Title 18 of the United States Code. The defendant's prior offense similarly plainly constitutes "child molestation" as defined by the Rule. As noted above, the conduct underlying the defendant's prior offense included the defendant's repeated, long-term sexual abuse of his stepdaughter (including engaging in oral sex and vaginal intercourse with the minor victim), beginning when his stepdaughter was approximately four years old and continuing for several

---

[3] Following his release from imprisonment, the defendant was scheduled to remain on probation until 2022, during which term of probation the defendant committed the offenses charged in the indictment.

[4] Rule 414(b) further requires notice of intent to introduce such evidence to be provided to the defendant at least fifteen (15) days prior to trial, or at a later time if the Court permits later disclosure for good cause. This timely motion is filed sixty (60) days prior to the trial date of December 10, 2019, and serves as the notice to the defendant required by Rule 414(b).

years. This conduct easily meets the Rule 414(d)'s definition of "child molestation," under each of several of the definition's subsections. See Fed. R. Evid. 414(d)(2)(A) (defining term to include "any conduct prohibited by 18 U.S.C. chapter 109A[5] and committed with a child"); Fed. R Evid. 414(d)(2)(C) (including in definition "contact between any part of the defendant's body-- or an object--and a child's genitals or anus"); Fed. R. Evid. 414(d)(2)(D) (including "contact between the defendant's genitals or anus and any part of a child's body").

"Rule 414 constitutes an exception to the rule that evidence of prior bad acts is not admissible to show a defendant's propensity to commit the offense charged." United States v. Loughry, 660 F.3d 965, 969 (7th Cir. 2011). Rule 414 thus differs in an important respect from an evidentiary rule such as Rule 404(b), which permits admission of evidence for certain limited purposes, excluding propensity. By contrast, Rule 414 permits admission of evidence of a defendant's child molestation precisely for the purpose of establishing that the defendant has a propensity for child molestation, and is therefore more likely to have committed the charged child molestation offense. See, e.g., Martinez v. Cui, 608 F.3d 54, 59 (1st Cir. 2010) (noting that intent of drafters of Rules 413, 414 and 415 was "to supersede Rule 404(b)'s prohibition on evidence of like conduct showing propensity in sexual assault cases"); United States v. Bentley, 561 F.3d 803, 815 (8th Cir. 2009) (noting that "propensity evidence is admissible under Rule 414"); United States

---

[5] Chapter 109A of Title 18 includes, among other applicable sections, 18 U.S.C. § 2241(c) (prohibiting engaging in sexual act with person who has not attained 12 years of age), and 18 U.S.C. § 2243(a) (prohibiting sexual act between minor victim over 12 years old but less than 16 years old and person at least 4 years older than minor victim). In those sections, a "sexual act" includes "contact between the penis and the vulva and the penis the anus . . . involving . . . penetration, however slight; contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2).

v. Meacham, 115 F.3d 1488, 1491 (10th Cir. 1997) (citing legislative history surrounding adoption of Rule 414 and observing that the Rule "supersedes in sex offenses the restrictive aspects of Rule 404(b)") (internal quotations and alteration omitted); United States v. Joubert, 980 F. Supp. 2d 47, 50 (D.N.H. 2013). "[I]n a criminal trial for a sexual offense, it is not improper to draw the inference that the defendant committed this sexual offense because he has a propensity to do so." Id. (internal quotations and alterations omitted); see also United States v. Spoor, 904 F.3d 141, 154 (2d Cir. 2018).

The Third Circuit and District Courts within its jurisdiction have routinely permitted the admission of evidence of prior sexual offenses pursuant to Rule 414 in circumstances materially identical to the instant case. For example, in United States v. Prawdzik, 484 F. App'x 717 (3d Cir. 2012), the Court of Appeals approved the admission of evidence of the defendant's hands-on sexual molestation of additional victims at trial for various child pornography offenses. See id. at 719. Similarly, in United States v. Merz, 396 F. App'x 838 (3d Cir. 2010); the Court of Appeals affirmed the admission of the defendant's prior child molestation conviction as evidence at his trial on multiple child pornography crimes. See id. at 843-44. And in United States v. Worman, Crim. No. 07-40, 2008 WL 3984160 (E.D. Pa. Aug. 28, 2008), the court cited Rule 414 in noting the admissibility of prior child molestation offenses in another child pornography case. See id. at *3. The government respectfully submits that the evidence of the defendant's prior sexual molestation offense should be held similarly admissible in the instant case.

### B. Rule 404(b)

The evidence of the defendant's prior sexual molestation of his stepdaughter is further independently admissible pursuant to Fed. R. Evid. 404(b). Rule 404(b) provides: "Evidence of

a crime, wrong, or other act . . . may be admissible for another purpose, such as proving *motive*, opportunity, *intent*, preparation, *plan*, *knowledge*, identity, *absence of mistake*, or lack of accident" (emphasis added).   Although Rule 414 is a "rule of general exclusion," evidence of prior bad acts are admissible if "the proponent can demonstrate that evidence is admissible for a non-propensity purpose.  United States v. Caldwell, 760 F.3d 267, 276 (3d Cir. 2014); see also United States v. Brown, 765 F.3d 278, 281 (3d Cir. 2014).   The party seeking admission of the evidence of prior bad acts bears the burden of demonstrating the evidence's admissibility, which requires the satisfaction of four steps: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be accompanied by a limiting instruction.  See United States v. Foster, 891 F.3d 93, 107 (3d Cir. 2018); United States v. Repak, 852 F.3d 230, 241 (3d Cir. 2017); United States v. Smukler, Crim. No. 17-563-02, 2018 WL 5316350 at *2 (E.D. Pa. Oct. 26, 2018).

With regard to motive, the defendant's hands-on molestation of his stepdaughter tends strongly to demonstrate the defendant's pedophilia, and the defendant's clear sexual interest in children provides a powerful motive for the child pornography offenses with which he is charged in the indictment.  Similarly, the fact of the defendant's prior molestation of his stepdaughter constitutes substantial evidence of his plan to acquire the child pornography which is the subject of the currently-pending indictment and, conversely, the overwhelming unlikelihood that the child pornography images and videos were in his possession through some sort of inadvertent mistake – both explicitly permissible rationales for the admission of evidence pursuant to Rule 404(b).

Cf. United States v. Lee, 573 F.3d 155, 166 (3d Cir. 2009) (affirming introduction of prior drug-trafficking conviction in order to prove that defendant intended to distribute drugs on subsequent occasion).

The defendant's sexual molestation of his stepdaughter further tends to demonstrate relevant aspects of his knowledge – both the defendant's knowledge that he was in possession of digital devices containing child pornography, and the defendant's knowledge that the persons depicted engaged in sexually explicit conduct in the images and videos located on the devices were children. The former element of knowledge is particularly critical, as the government anticipates that the defendant may defend against the child pornography offenses charged in the instant indictment on the ground that he did not know the devices containing the child pornography were in his residence. The evidence described above is therefore admissible pursuant to Rule 404(b) because, especially considered in its totality, it tends strongly to demonstrate the contrary. See Repak, 852 at 242 (3d Cir. 2017) ("Evidence of prior bad acts may be admitted for the purpose of demonstrating the defendant's knowledge in the later offense with which he is charged.") (quoting United States v. Vega, 285 F.3d 156, 251 (3d Cir. 2002)); Prawdzik, 484 F. App'x at 720 (approving admission of evidence of prior bad acts in child exploitation prosecution pursuant to Rule 404(b)). Finally, any claimed prejudice created by the admission of that evidence may properly be addressed by a limiting instruction to the jury provided by the court, as provided in Foster and Repak. See also United States v. Bergrin, 682 F.3d 261, 278 (3d Cir. 2012).

WHEREFORE, the government respectfully requests that the Court issue an Order

granting this motion and permitting the government to introduce evidence of the defendant's prior sexual assault of his stepdaughter at trial in this matter.

        Respectfully submitted,

        WILLIAM M. McSWAIN
        United States Attorney

        <u>s/Seth Schlessinger</u>
        SETH SCHLESSINGER
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 8, 2019, I filed a copy of the foregoing document with the Clerk of Court, and served a copy upon all counsel of record, via CM/ECF.

.                                     Respectfully submitted,

                                          WILLIAM M. McSWAIN
                                        United States Attorney

                                        s/Seth Schlessinger
                                        SETH SCHLESSINGER
                                        Assistant United States Attorney